JOHN D. BOWERS – WY State Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
john@1000.legal

DANIEL F. BERTCH
Bertch Associates
7070 S 2300 E Suite 100
Salt Lake City, UT 84121
Telephone: (801) 424-3800
Facsimile: (801) 424-4243
dan@bertchrobson.com
*Currently not admitted in the United States Federal Court for the District of Wyoming, however, will apply for admission Pro Hac Vice*

*Counsel for the Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUN 14  AM 11 32

STEPHAN HARRIS, CLERK
CHEYENNE

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ELICEO SALCEDO | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-CV-125-F |
| | ) | |
| vs. | ) | |
| | ) | |
| TRANSCO, INC. and | ) | COMPLAINT |
| ALBERTO MARTINEZ-CASTANEDA | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants | ) | |
| | ) | |

---

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Eliceo Salcedo, by and through John D. Bowers of Bowers Law Firm, PC, and Daniel F. Bertch, of Bertch Associates, hereby brings this Complaint against the above captioned Defendants. For causes of action, the Plaintiff shows the Court the following:

### I.   PARTIES

1.      Plaintiff, Eliceo Salcedo, a resident of Utah, sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 9:25 p.m. on April 29, 2016 on Interstate 80 in Albany County, Wyoming. Pursuant to Wyoming law, Plaintiff Eliceo Salcedo is the proper party to bring this action for his damages.

2.      Defendant Transco, Inc. ("Transco") is a foreign corporation with a principal place of business in Temple, Texas. Defendant Transco has appointed a registered agent for service of process, CT Corporation System, 1908 Thomes Avenue Cheyenne, WY 82001. Once served with process, Defendant Transco is subject to the jurisdiction and venue of this Court.

3.      At all times material to the motor vehicle collision which forms the basis of this action, Defendant Transco was an interstate motor carrier authorized to operate in the State of Wyoming for profit pursuant to one or more permits to operate by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

4.      Defendant Alberto Martinez-Castaneda, ("Defendant Martinez-Castaneda") resides at 1911 31st Street RD, Greeley, CO, 80631. He may be served with process and Original Complaint at the above address. Once served, Defendant Martinez-Castaneda is subject to the jurisdiction and venue of this Court.

## II. JURISDICTION AND VENUE

5.   This action is brought in the United States District Court, for the District of Wyoming based upon diversity of citizenship between the parties.

6.   The Defendants committed acts and omissions complained herein, within the State of Wyoming, as referenced in this Complaint.

7.   The matter in controversy between the above captioned parties exceeds seventy five thousand ($75,000.00) dollars.

8.   Pursuant to 28 U.S.C. § 1332, the above captioned action is within the Court's jurisdiction.

## III. FACTS COMMON TO ALL CLAIMS

9.   On April 29, 2016 at approximately 9:25 p.m., Plaintiff Eliceo Salcedo was driving a 2015 Freightliner tractor-trailer eastbound on Interstate 80 in Albany County, Wyoming.

10.   On the same date and time, Defendant Martinez-Castaneda was driving a tractor-trailer eastbound on Interstate 80 when he lost control of his vehicle and jackknifed, partially blocking the roadway.

11.   The weather conditions were clear, however, the roadway had residual ice and/or snow from an earlier storm.

12.   Defendant Martinez-Castaneda was negotiating a curve when he lost control of his vehicle and jackknifed, partially blocking the roadway.

13.   At the time Defendant Martinez-Castaneda lost control of his vehicle, his tractor trailer was partially blocking the roadway to any following vehicles on the roadway.

14.   Due to the residual snow and ice accumulations, Plaintiff Eliceo Salcedo was operating his tractor trailer at a safe and controlled speed of approximately 35 mph.

15.     As he approached the area, Plaintiff Eliceo Salcedo's line of sight was somewhat obstructed due to the curve of the highway, the prominent highway cut and resultant rock-face and the negative gradient of the highway.

16.     As Plaintiff Eliceo Salcedo approached the point of collision, he suddenly observed the tractor trailer operated by Defendant Martinez-Castaneda, which had jackknifed and was partially blocking the roadway.

17.     Plaintiff Eliceo Salcedo attempted to avoid the collision, but ultimately struck the tractor trailer operated by Defendant Martinez-Castaneda toward the tandem-axels on the driver's side.

18.     Plaintiff Eliceo Salcedo's tractor trailer then left the roadway to the right and the front of the vehicle contacted with side of a rock face before jackknifing off the roadway to the right.

19.     The cab of the tractor trailer operated by Plaintiff Eliceo Salcedo was extensively crushed by the force of the collision, causing major medical injuries to his person.

## CLAIMS

## COUNT ONE NEGLIGENCE OF DEFENDANT MARTINEZ-CASTANEDA

20.     Plaintiff incorporate herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

21.     At all times material hereto, Defendant Martinez-Castaneda was a professional driver with a commercial driver's license.

22.     At all times material hereto, Defendant Martinez-Castaneda   was driving a commercial motor vehicle in interstate commerce and was subject not only Wyoming traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

23.     Defendant Martinez-Castaneda was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

(a)     Failure to maintain a proper and diligent lookout;

(b)     Failure to maintain his lane;

(c)     Failure to maintain control his vehicle;

(d)     Driving too fast for conditions;

(e)     Violation of Wyoming traffic laws, including: W.S 31-5-301(a) (speeding and too fast for conditions.; 31-5-229 (Reckless Driving); and 31-5-236 (Careless Driving), and other traffic violations to be proven at trial, which violations constitute negligence *per se*;

(f)     Violation of Federal Motor Carrier Safety Regulations, including, without limitation: failing to exercise extreme caution in the operation of a vehicle as required by FMCSR 392.14; failing to adhere to hours of service regulations FMCSR Section 395, and other FMCSRs, all of which violations constitute negligence *per se*; and

(g)     Otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances.

24.     As a direct and proximate result of the negligence of Defendant Martinez-Castaneda, Plaintiff Eliceo Salcedo sustained serious personal injuries and substantial economic damages (including without limitation, medical expenses and lost wages) and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

25.     Defendant Martinez-Castaneda is liable to for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs in this case.

## COUNT TWO NEGLIGENCE OF TRANSCO

26.     Plaintiff incorporates all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

27.     At all times material hereto, Defendant Martinez-Castaneda, was an employee or agent of Defendant Transco, acting within the scope and course of his employment or agency.

28.     Defendant Transco is liable for the negligent actions and omissions of Defendant Martinez-Castaneda pursuant to the doctrine of *respondeat superior* and the rules of agency.

29.     As an employer, Defendant Transco was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Martinez-Castaneda in connection with its operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company under the same or similar circumstances.

30.     Defendant Transco was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Transco was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

31.     As a motor carrier, Defendant Transco had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Martinez-Castaneda, the duty to properly train Defendant Martinez-Castaneda, the duty to supervise the hours of service of Defendant Martinez-Castaneda, the duty to properly maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

32.    Defendant Transco was also <u>independently</u> negligent failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

33.    As a direct and proximate result of the negligence of Defendant Transco, Plaintiff Eliceo Salcedo sustained serious personal injuries and substantial economic damages (including without limitation, medical expenses and lost wages) and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

34.    Defendant Transco is liable to for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in this case.

<u>COUNT THREE DAMAGES</u>

35.    Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if each were set forth fully herein in their entirety.

36.    Each of the Defendants acted in a manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and the resulting injuries to Plaintiff Eliceo Salcedo.

37.    Plaintiff Eliceo Salcedo is entitled to recover all economic damages, including without limitation all medical expenses and lost wages; as well as all non-economic damages, including without limitation, damages for disability, loss of ability to labor, loss of enjoyment of life, severe emotional distress, physical and emotional pain and suffering and all other damages permitted under Wyoming law.

## COUNT FOUR PUNITIVE DAMAGES

38.    Plaintiff repeats, re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

39.    Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

40.    Accordingly, Defendants are liable to Plaintiff Eliceo Salcedo for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

WHEREFORE, the Plaintiff prays for damages against the Defendants for all injuries and damages described within this Complaint, for all damages as allowed under the laws of the State of Wyoming and for such other further relief as this Court deems is equitable and proper.

RESPECTFULLY SUBMITTED this _6th_ day of June, 2019

_____
JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110